## Koch v. Galardi

*Robert J. Tragaser,* for plaintiff.
*Edmund L. Olszewski* and *James F. Manley,* for defendants.

WETTICK, *J.,* July 18, 1979—This is a personal injury action arising out of an automobile accident in which plaintiff alleges that he is experiencing psychological disorders as a result of the accident. Defendants scheduled a psychiatric examination of plaintiff by a psychiatrist whom defendants selected. Plaintiff appeared for the examination with his attorney and a stenographic reporter and would not permit the psychiatrist to conduct an examination unless counsel was present at the examination and the conversations between the psychiatrist and plaintiff were recorded by the stenographic reporter. The psychiatrist refused to conduct the examination under these conditions.

Presently before this court is a motion of defendants to compel plaintiff to submit to a psychiatric examination at which only the psychiatrist and plaintiff will be present. In this motion, defendants aver that the presence of counsel and a stenographic reporter would interfere with the examination.

Defendants' motion is governed by Pa.R.C.P. 4010 which allows a court for good cause shown to order a party to submit to a physical or mental examination. The rule provides that any court order shall specify the manner, conditions and scope of the examination. Thus it is within this court's discretion to determine whether or not the examination shall be recorded and who will be permitted to attend the examination.

Plaintiff contends that this court should allow the examination to be recorded and should permit counsel to be present for two reasons. First, the examination may include discussions between plaintiff and the psychiatrist regarding plaintiff's version of the accident; because these discussions could be used at trial, plaintiff desires to have the discussions recorded to eliminate any possibility of misunderstanding and to have counsel present to ensure that plaintiff is not confused or mislead by the psychiatrist. Second, plaintiff desires to have the examination recorded in order for plaintiff's expert witnesses to assess effectively the findings, diagnoses and conclusions of the examining psychiatrist. The findings of this psychiatrist depend upon his interpretation of the conversations between plaintiff and the psychiatrist; thus unless these conversations are recorded, it is not possible, according to plaintiff, for other expert witnesses to assess effectively these findings, diagnoses and conclusions.

Defendants contend that plaintiff's counsel and the court reporter should be excluded from the examination because their presence may prevent the psychiatrist from developing an atmosphere necessary for an accurate evaluation. Furthermore, plaintiff will be offering expert testimony

from one or more psychiatrists regarding examinations that were not recorded and defendants contend that fairness dictates that their psychiatrist testify under similar circumstances.

We find that plaintiff's reasons for desiring the communications between the psychiatrist and plaintiff to be recorded are convincing. However, this does not require the presence of a stenographic reporter at the examination if these communications can be recorded by a recording device. Thus if the examining psychiatrist has the proper equipment to record the full conversation between the plaintiff and himself and will make the recording available to all parties following the examination, this court will not require a court reporter to be present.*

If a recording of the examination will be available to plaintiff's counsel, the need for counsel at the examination is marginal; consequently, we will not permit counsel to attend the examination if his presence may interfere with the examination. However, it is not readily apparent that counsel's presence will in any way interfere with the examination. Thus in the absence of an affidavit from the examining psychiatrist which avers that counsel's presence is likely to interfere with the examination and contains a satisfactory explanation to support this conclusion, we will deny defendants' request for a court order permitting the examination to be conducted outside the presence of plaintiff's counsel.

---

*If the conversations are to be recorded through a recording device, the examining psychiatrist's testimony that may be offered at trial shall not refer to any conversations that were not recorded and furnished to plaintiff.

## ORDER

On this July 18, 1979, it is hereby ordered that (1) plaintiff shall submit to a psychiatric examination by Dr. Golding at a time and place which the parties establish; (2) the conversations between Dr. Golding and plaintiff at said examination shall be recorded and made available to all parties; and (3) plaintiff's counsel shall be permitted to attend the examination unless it is established that his presence is likely to interfere with said examination.